**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alberto MENDOZA–ORTEGA, Defendant–Appellant.**

No. 13–30364.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2014.*

Filed Dec. 12, 2014.

Helen J. Brunner, Esquire, Assistant U.S., Thomas Merton Woods, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cynthia B. Jones, Jones Legal Group, LLC, Seattle, WA, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Alberto Mendoza–Ortega appeals from the district court's judgment and challenges the 108–month sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza–Ortega contends that the district court procedurally erred and violated his right to due process by considering his nationality as a sentencing factor. At sentencing, the court expressed skepticism about Mendoza–Ortega's claim that he was unaware of the drug quantities possessed by his cousin, stating "the Hispanics are very close, very suspicious of outsiders." While this comment was inappropriate, *see* U.S.S.G § 5H1.10; *Offutt v. United States,* 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954) ("[J]ustice must satisfy the appearance of justice."), it was harmless. In calculating the Guidelines range, the court did not hold Mendoza–Ortega responsible for his cousin's drugs. Rather, the court adopted the Guidelines range requested by Mendoza–Ortega and then varied downward significantly. *See United States v.*

*Ali,* 620 F.3d 1062, 1074 (9th Cir.2010) (error is harmless where there is no evidence that the alleged error, if changed, would result in a shorter sentence). More-. over, contrary to Mendoza–Ortega's contention, the below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).